# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Carpenters District Council of Kansas City Pension Fund, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. 06-0109-CV-W-FJG<br>) |
| JNL Construction Co., Inc., et al., | )<br>) |
| Defendants. | ) |

## **ORDER**

Currently pending before the Court is Plaintiffs' Motion for Damages (Doc. No. 69) and Defendants' Motion for Reconsideration of the Order of Partial Summary Judgment, or Alternatively, to Certify for Appeal Under 28 U.S.C. § 1292(B) (Doc. No. 71).

**I.     Background**

On December 4, 2007, the Court granted plaintiffs' Motion for Partial Summary Judgment against all defendants (Doc. No. 67). The Court found that "defendant JNL was obligated under the [Collective Bargaining Agreement] to make the required employee fringe benefit contributions on behalf of its carpenter employees for work performed from November 1, 2003 to January 26, 2005 and that it failed to do so during that time period." Additionally, the Court found it was appropriate to pierce the corporate veil and hold defendants Larry McAllister, Nancy McAllister and TVM Rentals personally liable. The Court concluded that these defendants had no independent existence from defendant JNL because the facts demonstrated that defendants operated as a single entity and

1

disregarded corporate formalities by treating each other's property as their own, commingled funds, and engaged in transactions at less than an arm's length. The Court then ordered that the parties submit the results of the audit and the amount of the proposed damages to the Court by January 14, 2008.

As a result of the above ruling, the only issue left to be decided in this matter is the amount of plaintiffs' damages. Plaintiffs have submitted the results of the audit and defendants challenge not only plaintiffs' damages, but the Court's ruling on plaintiffs' motion for partial summary judgment. The Court will consider these issues below.

## II. Discussion

### A. Plaintiffs' Motion for Damages (Doc. No. 69)

Plaintiffs seek an Order from the Court assessing damages in favor of Plaintiffs and against all defendants. Plaintiffs estimate their liquidated damages as follows:

|  | **DELINQUENT CONTRIBUTIONS** | **DAMAGES** | **INTEREST** | **TOTAL** |
|---|---|---|---|---|
| **PENSION FUND** | $ 55,598.95 | $11,119.79 | $12,174.40 | $ 78,893.14 |
| **WELFARE FUND** | $ 69,346.75 | $13,869.35 | $15,107.51 | $ 98,323.61 |
| **APPRENTICESHIP, TRAINING, AND EDUCATION FUND** | $ 5,126.55 | $ 1,025.31 | $ 1,121.20 | $ 7,273.06 |
| **TOTAL DELINQUENT CONTRIBUTIONS** | $130,072.25 | $26,014.45 | $28,403.11 | **$184,489.81** |

Plaintiffs based these above amounts on the results of the audit conducted by an independent auditor, Alice M. Eastin ("Eastin"). Eastin states in her affidavit that she relied on various payroll records produced by defendant JNL and then identified the employees who performed work covered by the Collective Bargaining Agreement ("CBA") for the

2

period of November 1, 2003 to January 26, 2005. (See Doc. No. 70-3, Plaintiffs' Exhibit B). Plaintiffs further estimate their audits costs to be $26,745.00 and attorneys fees in the amount of $51,315.91. Thus, the total amount of damages with interest, is $262,550.72.

Defendants oppose plaintiffs' motion for damages for two reasons: (1) Alice Eastin is an expert who was not identified by plaintiffs during discovery, and (2) defendants question the attorney entries listed on the time sheets submitted by plaintiffs. First, defendants argue that Eastin's affidavit does not provide any evidentiary basis to demonstrate that she has any personal knowledge about the nature and type of work performed by these employees or of the amount of covered work performed by these employees. Defendants also state that Eastin does not provide any evidentiary basis to authenticate or establish any foundation for the records upon which she relied. Additionally, defendants assert that plaintiffs never designated Eastin as an expert witness as required by Fed. R. Civ. P. 26 and the Court's Scheduling Order.

Second, defendants question plaintiffs' attorneys' fees. Defendants claim that the entries do not provide enough detail for an entry of attorneys' fees in the requested amount. Defendants note that this case was filed on February 8, 2006 and the invoices provided by plaintiffs contain activities which began as early as January 2005. For example, defendants state that the entry on January 24, 2005 deals with a letter from the Builders Association. Defendants claim this latter entry bears no relation to this matter. Also, defendants point to other entries that deal with hearings in Independence and a docket call in Jackson County Circuit Court which have no relation to this case. Finally, defendants point to other entries dealing with attempts to collect on surety bonds and others that pertain to settlements. Defendants further claim these entries have no relation to this case.

Plaintiffs respond that Eastin is not an expert for purposes of Rule 26. Plaintiffs claim that the audit performed by Eastin is not a surprise to defendants because the initial audit comments were provided to defendants on April 18, 2006 as part of Plaintiff's Initial Rule 26 disclosures. Plaintiffs state that the audit comments were signed by Eastin. Further, plaintiffs state that on September 18, 2007, plaintiffs filed their Proposed Exhibit List which specifically referred to Eastin's Audit Comments. Plaintiffs state they also filed their proposed witness list in which they listed Eastin as a witness and identified her as "Auditor-Construction Benefits Audit Corporation." Plaintiffs also state that a revised version of the audit comments was provided to defendants on October 24, 2007. After November 20, 2007, plaintiffs claim they provided defendants with a copy of the auditor's working papers supporting the revised Audit Comments.

Plaintiffs concede that the entry contained within their attorney log that refers to "Riley Construction" is a clerical error and that the entry should not be part of the calculation of costs and attorney's fees. However, plaintiffs maintain that the remainder of the document relating to plaintiffs' reasonable attorneys' fees speaks for itself.

The Court finds that defendants had adequate notice regarding Eastin's audit as plaintiffs disclosed Eastin's initial audit comments during discovery. The Court also agrees with plaintiffs that Eastin did not have to be designated as an expert for purposes of Fed. R. Civ. P. 26(a)(2)(b). The Court is satisfied with the affidavit and audit provided by Eastin and finds that these are both supported with sufficient evidence. Further, defendants have failed to show how they have been prejudiced by plaintiffs not designating Eastin as an expert.

However, the Court agrees with defendants that plaintiffs' attorney entries are

questionable. The Court is confused why there are many entries for appearances in Jackson County Circuit Court when this matter has been in federal court since its inception. The Court is also unclear why there are seven pages of entries in 2005 when this case was filed on February 8, 2006. Plaintiffs failed to explain the relevance of the 2005 entries to this case. There are many entries which appear to have no relation to this particular case pending in federal court. For example, plaintiffs list an entry for May 11, 2006 that discusses preparation for hearing to assess damages and preparation a judgment for submission to Court for signature by Judge Whipple. This case was transferred from Judge William A. Knox to this Court on February 23, 2006 (Doc. No. 9). Plaintiffs failed to explain why judgments were drafted for Judge Whipple 's signature. Also, upon the review of the Court's docket, it has never held a hearing in this matter to assess damages. Damages were not even an issue until the Court granted plaintiffs' motion for partial summary judgment on December 3, 2007. Plaintiffs also failed to indicate at what rate their time was being billed. Thus, the Court is unable to verify or calculate the amount of plaintiffs' attorneys' fees.

As a result of the above discrepancies in the attorney time entries, the Court will not enter damages in this matter until the attorney fees are fairly and properly calculated. The Court refuses to enter attorneys' fees for all entries in 2005, for any entries where plaintiffs billed for hearings or other matters conducted in county circuit courts, for all entries dealing with the Riley Construction matter, and for all other entries which have no relation to this case. The Court hereby orders plaintiffs to resubmit a revised assessment of attorneys' fees with the appropriate changes to the entries by **Thursday, April 10, 2008.** Therefore,

5

the Court hereby **PROVISIONALLY DENIES** plaintiffs' Motion for Damages (Doc. No. 69).

> **B.    Defendants' Motion for Reconsideration of the Order of Partial Summary Judgment, or Alternatively, to Certify for Appeal Under 28 U.S.C. § 1292(B) (Doc. No. 71)**

Defendants argue that reconsideration is appropriate and summary judgment should be entered in favor of defendants because there is no evidence that the transactions at issue were the proximate cause of plaintiffs' alleged damages and plaintiffs did not provide evidence of improper purpose of motive. Defendants rely on <u>Bank of Belton v. Bogar Farms, Inc</u>., 154 S.W.4d 51, 520-21 (Mo. Ct. App. 2005) in arguing that defendants were not the proximate cause of plaintiffs' alleged injury. According to <u>Belton</u>, defendants state that plaintiffs must prove that the defendants TVM, Larry McAllister, and Nancy McAllister "exercised such control and domination over [defendant JNL Construction] as to cause the insolvency." <u>Id.</u> at 521. Defendants argue that even if defendants controlled JNL, there is no causal connection between the transactions and the insolvency or undercapitalization of defendant JNL Construction. Defendants state the monies received from the various transactions were either paid to JNL or to the Internal Revenue Service which ultimately benefitted JNL Construction's creditors. Defendants also state that Larry McAllister drew no salary from JNL Construction for one year which also benefitted its creditors.

Finally, defendants argue that most of the transactions occurred in January and December 2004 and the time period at issue here is from November 1, 2003 to January 26, 2005. Thus, defendants argue it is not possible that the 2004 transactions can be the proximate cause of plaintiff's injuries when plaintiff is trying to collect monies beginning in 2003.

6

Alternatively, defendants seek a certification of appeal under 28 U.S.C. §1292(b) from this Court because an appeal would materially advance the ultimate termination of this litigation by resolving a critical legal issue. Under 28 U.S.C. §1292(b), interlocutory decisions are appropriate under the following circumstances:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law of which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Defendants argue that a controlling question of law is involved here and that there is a substantial ground for difference of opinion on whether defendants are the alter ego of defendant JNL.

Not surprisingly, plaintiffs oppose defendants' motion for reconsideration. Plaintiffs respond that defendants' conduct took place right in the middle of the subject time period. Plaintiffs state that defendants continually failed to make payments to plaintiff Funds during this time period but at the same time, defendants engaged in transactions and conduct that methodically stripped defendant JNL of its assets and left it insolvent. Upon completion of these transactions, plaintiffs state that defendant JNL had no assets for plaintiff funds to pursue in order to collect the amounts owed.

The Court finds that defendants have presented no new evidence or arguments that warrant reconsideration of the Court's decision to grant plaintiffs' motion for partial summary judgment. The Court is unconvinced that there is no causal connection between the transactions at issue and the insolvency of JNL Construction. It was the defendants' actions which caused the insolvency of JNL Construction and due to JNL Construction's

7

insolvency, plaintiffs were unable to collect the amounts defendants owed. Further, the Court disagrees with defendants that this matter involves a controlling question of which there is substantial ground for difference of opinion. Thus, the Court will not certify this matter for appeal under 28 U.S.C. §1292(b). Therefore, the Court hereby **DENIES** Defendants' Motion for Reconsideration of the Order of Partial Summary Judgment, or Alternatively, to Certify for Appeal Under 28 U.S.C. § 1292(B) (Doc. No. 71).

### III. Conclusion

Accordingly, for the foregoing reasons, Plaintiffs' Motion for Damages (Doc. No. 69) is **PROVISIONALLY DENIED** and Defendants' Motion for Reconsideration of the Order of Partial Summary Judgment, or Alternatively, to Certify for Appeal Under 28 U.S.C. § 1292(B) (Doc. No. 71) is **DENIED**. Plaintiff is required to submit a revised assessment of attorneys' fees to the Court by **Thursday, April 10, 2008**.

**IT IS SO ORDERED.**

Date: 4/3/08　　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

8