# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Carpenters District Council of Kansas City Pension Fund, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 06-0109-CV-W-FJG ) |
| JNL Construction Co., Inc., et al., | ) ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendants' Motion in Limine to exclude from evidence any opinion testimony regarding whether JNL Construction is an alter ego of any other defendant (Doc. No. 108).

## I.  BACKGROUND

Trustees for the plaintiff Funds brought an ERISA action on behalf of the Funds against JNL Construction, Larry McAllister, Nancy McAllister, and TVM Rentals, Inc. The Funds allege defendants failed to contribute union employees' fringe benefits to the Funds from November 2003 through January 2005, as required by collective bargaining agreements covering carpenters who performed work for JNL Construction.  The Funds sought to pierce the corporate veil of JNL Construction to reach the McAllisters and TVM Rentals.

On December 3, 2007, this Court ruled the Funds made a sufficient showing to pierce the corporate veil of JNL Construction and granted  summary judgment for plaintiffs.  Defendants appealed, contending the Funds failed to establish a causal connection between the transactions at issue and JNL Construction's insolvency or

undercapitalization.  The Eighth Circuit concluded this Court properly found that Plaintiffs had established that Defendants had no independent existence from one another.  The Court of Appeals also found there was insufficient evidence to definitively establish that JNL Construction was used by the McAllisters to avoid paying the contributions at issue, and remanded the case for trial.  Thus, the remaining issue is whether defendants' failure to exist independently was fraudulent or improper and thus caused injury to plaintiffs.

## II. DEFENDANTS' MOTION IN LIMINE

Defendants move for an order in limine excluding from evidence any opinion testimony regarding whether JNL Construction is an alter ego of any other Defendant.  At Nancy McAllister's deposition, Plaintiffs' counsel asked questions about whether Ms. McAllister considered JNL Construction to be the alter ego of herself.

1.  Defendants argue the testimony should be excluded because the question seeks opinion testimony and a legal conclusion.  Defendants argue the testimony invades the province of the Court and is not helpful.  The alter ego issue is an ultimate issue for the Court to decide.

    Plaintiffs oppose.  The Funds argue Nancy McAllister's testimony regarding whether she considered herself to be the alter ego of defendant JNL Construction is relevant to showing her state of mind as the acts took place.  As President of JNL Construction, Nancy McAllister is one of the only people who could explain why JNL Construction engaged in the conduct at issue.  Thus, McAllister's personal opinion goes to the intent of Defendant JNL, and her intent individually, in engaging in the conduct in question.

    **RULING**: SUSTAINED.

**IT IS SO ORDERED**.

Dated: 01/27/11     .                              /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri.                        Fernando J. Gaitan, Jr.
                                                              Chief United States District Judge